FILED
2021 FEB 1
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TRACI MILSOM,**<br><br>           **Plaintiff,**<br><br>v.<br><br>**ANDREW M. SAUL,**<br>**Commissioner of Social Security,**<br><br>           **Defendant.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br><br>**Case #4:20-cv-00011-PK**<br><br><br>**Magistrate Judge Paul Kohler** |

All parties in this case have consented to Magistrate Judge Paul Kohler conducting all proceedings, including entry of final judgment.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is Traci Milsom's appeal of Defendant Andrew M. Saul's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits under Title II of the Social Security Act.  42 U.S.C. §§ 401-434.  The court held oral argument on October 26, 2020.[2]  Plaintiff was represented by Natalie L. Bolli-Jones, and the Commissioner was represented by Kathryn C. Bostwick.  The court has considered the written briefs, the record, and the arguments of counsel.  Based upon the analysis set forth below, the Commissioner's decision will be affirmed.

---

[1] ECF No. 14.

[2] ECF No. 23.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In July 2016, Plaintiff applied for benefits, alleging disability beginning on July 8, 2015.[3] Plaintiff's application was denied initially and upon reconsideration.[4] In March 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[5] which occurred on October 24, 2018.[6] On March 21, 2019, the ALJ issued a partially favorable written decision finding Plaintiff was not disabled prior to October 1, 2018.[7] On January 8, 2020, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision final for purposes of judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. On February 18, 2020, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[9]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be

---

[3] ECF No. 8, Administrative Record ("AR ___") 161-64.

[4] AR 72-73.

[5] AR 100-01.

[6] AR 33-56.

[7] AR 12-32.

[8] AR 1-6.

[9] ECF No. 3.

conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted) (first alteration in original).

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.
>
> . . . .
>
> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to

> preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . .

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

At the fourth step, the claimant must show, given her residual functional capacity ("RFC"), that the impairment prevents performance of her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform [her] previous work, [she] is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience." *Id*. (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," she is not disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits. *Id*.

4

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred in evaluating the medical opinions of: (1) Michael R. Green, M.D.;[10] (2) Bradley Root, D.O.; and (3) the state agency physicians. The court addresses those arguments below.

I.  **The ALJ Did Not Err in His Evaluation of Dr. Green's Opinions.**

Plaintiff argues that the ALJ erred in evaluating the opinions of Dr. Green, who is one of Plaintiff's treating sources. That court is not persuaded.

For claims filed before March 27, 2017, like Plaintiff's claim in this case, an ALJ must adhere to certain requirements when considering treating source medical opinions. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c). Among those requirements is that the ALJ first must follow a process to determine if a treating source medical opinion is entitled to controlling weight. *Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(c). If the opinion is not entitled to controlling weight under that process, the opinion is still entitled to deference and must be weighed using the factors set forth in 20 C.F.R. § 404.1527(c). *Langley*, 373 F.3d at 1119.

An ALJ is not required to discuss every factor set forth in the relevant regulations. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that when an ALJ does not

---

[10] In the portion of the ALJ's decision addressing Dr. Green's opinions, the ALJ incorrectly indicates that those opinions were rendered by Tracy Orr, M.D. ("Dr. Orr"). At oral argument, Plaintiff's counsel conceded that this was likely a scrivener's error. Accordingly, the court will assume that the ALJ's references to Dr. Orr's opinions are in fact references to Dr. Green's opinions. *Poppa v. Astrue*, 569 F.3d 1167, 1172 n.5 (10th Cir. 2009) (noting that an error was "a mere scrivener's error and did not affect the outcome of the case").

5

discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

The ALJ concluded that Dr. Green's opinions were entitled to "some weight."[11] Accordingly, it is implicit that the ALJ viewed Dr. Green's opinions as not being entitled to controlling weight. The court now turns to the deference and weight the ALJ gave to Dr. Green's opinions. *Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(c).

Plaintiff's specific argument regarding Dr. Green's opinions is that the ALJ committed legal error by failing to provide specific citations to evidence in the record that contradict Dr. Green's opinions. However, as the Commissioner correctly argues, the ALJ included a discussion in his decision indicating that the evidence after May 2016 showed that Plaintiff's alleged impairments had generally improved.[12] Indeed, relying on record evidence, the ALJ noted that (1) although Plaintiff reported left leg pain and weakness in October 2016, she also indicated she was much better off than before her December 2015 surgery;[13] (2) repeat x-rays showed stable appearance and alignment of Plaintiff's lumbar spine;[14] (3) Plaintiff's

---

[11] AR 24.

[12] AR 22-23.

[13] AR 22.

[14] *Id*.

neurosurgeon indicated that Plaintiff's June 2016 MRI of her lumbar spine did not demonstrate any significant narrowing or nerve root impingement that would correlate with her reported symptoms;[15] (4) Plaintiff was advised to continue to be active, perform her physical therapy exercises, and walk as much as possible;[16] and (5) Plaintiff's recent physical examinations showed that Plaintiff had a functional gait pattern, fine and gross motor coordination, muscle strength, and range of motion without gross pain behaviors or involuntary movements.[17] As the Commissioner notes, all of that evidence was inconsistent with and post-dated Dr. Green's opinions. It was proper for the ALJ to consider that evidence as part of his evaluation of Dr. Green's opinions. 20 C.F.R. § 404.1527(c)(4) (requiring the ALJ to consider consistency between a medical opinion and the record as a whole); *see also Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (concluding that the ALJ reasonably discounted a treating source opinion because it was inconsistent with other medical evidence); *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." (quotations and citations omitted)).

The court acknowledges that the ALJ's discussion of that evidence is set forth prior to his specific evaluation of Dr. Green's opinions. Although it may have been ideal for the ALJ to include that discussion in the same section as his evaluation of Dr. Green's opinions, the court is not persuaded that the ALJ's failure to do so requires reversal because the ALJ's rationale can be

---

[15] AR 22-23.

[16] AR 23.

[17] *Id*.

7

discerned from his decision. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection."); *see also Davis v. Erdmann*, 607 F.2d 917, 919 n.1 (10th Cir. 1979) ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given . . . , we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.").

For those reasons, the court concludes that the ALJ did not err in his evaluation of Dr. Green's opinions.

## II.     The ALJ Did Not Err in His Evaluation of Dr. Root's Opinions.

Plaintiff argues that the ALJ erred in evaluating the opinions of Dr. Root, who is also one of Plaintiff's treating sources. The court is similarly unpersuaded.

The ALJ concluded that Dr. Root's opinions were entitled to "very little weight."[18] Accordingly, it is implicit that the ALJ viewed Dr. Root's opinions as not being entitled to controlling weight. The court now turns to the deference and weight the ALJ gave to Dr. Root's opinions. *Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(c).

In evaluating Dr. Root's opinions, the ALJ relied on proper factors and substantial record evidence. First, the ALJ relied upon record evidence to conclude that Dr. Root's opinions were

---

[18] AR 25.

not well supported by his own clinical records, which showed a functional gait pattern, fine and gross motor coordination, muscle strength, and range of motion without gross pain behaviors or involuntary movements.[19] 20 C.F.R. § 404.1527(c)(3) (requiring the ALJ to consider whether a medical opinion is supported by relevant evidence). The ALJ also properly considered the fact that Dr. Root's opinions were inconsistent with other medical opinions in the record. 20 C.F.R. § 404.1527(c)(4); *see also Raymond*, 621 F.3d at 1272; *Pisciotta*, 500 F.3d at 1078.

To the extent that Plaintiff points to selective portions of the record to undermine the ALJ's evaluation of Dr. Root's opinions, the court finds that it amounts to rearguing the weight of the evidence. It is not this court's role to reweigh the evidence before the ALJ. *Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)).

For those reasons, the court concludes that the ALJ did not err in his evaluation of Dr. Root's opinions.

---

[19] AR 24-25.

**III.     The ALJ Did Not Err in His Evaluation of the State Agency Physicians' Opinions.**

Plaintiff asserts that the ALJ erred in his evaluation of the state agency physicians' opinions. In mounting that challenge, Plaintiff makes two primary arguments. Both of those arguments are without merit.

First, Plaintiff contends that the state agency physicians are not examining or treating sources and are not experts in any area relevant to her impairments. Those contentions are not sufficient reasons for concluding that the ALJ erred in evaluating the state agency physicians' opinions. *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (providing that a "non-examining physician's opinion is an acceptable medical source, which the ALJ was entitled to consider"); *see also* 20 C.F.R. § 404.1513a(b)(1) (providing that "[s]tate agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation").

Second, Plaintiff cites to selective portions of the record that, according to Plaintiff, contradict the state agency physicians' opinions. As noted above, the court finds that amounts to an effort to reargue the weight of the evidence on appeal. *Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790.

## **CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED: 01 February 2021.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge